IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SECURE HEALTH PLANS OF GEORGIA, LLC,** *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-417 (MTT) ) |
| **DCA OF HAWKINSVILLE, LLC, f/k/a HAWKINSVILLE DIALYSIS CENTER,** | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on the Motion to File Under Seal (the "Motion"), filed by the Plaintiffs in this case. The Motion, which is not supported by a brief citing to relevant authority as required by Local Rule 7.1, simply asks the Court to allow the Plaintiffs to file their Status Report and Motion for Reconsideration under seal because "the parties to the pending Arbitration related to the above-captioned matter have agreed to keep the outcome of the Arbitration confidential."

There is a presumption of openness regarding proceedings in court, whether civil or criminal. This presumption is based, in part, on the common law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Such a "common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Id.* To that end, the Plaintiffs have failed to show the Court good cause why it should curb the public's interest in the openness of the Court's activities. Therefore, the Motion is **DENIED**.

However, with respect to the Status Report the Plaintiffs seek to file under seal, the Plaintiffs are filing this Status Report pursuant to an Order by this Court dated December 21, 2010, wherein the Court asked the parties to provide a brief update regarding the status of the pending arbitration. The Order merely requires the parties to make a report to the Court, so it is not necessary for the Plaintiffs to file their Status Report. Simply by submitting the report to the Court the Plaintiffs have complied with the Court's Order.

If the Plaintiffs still wish to file their Motion for Reconsideration (and presumably all subsequent pleadings) under seal, they must make the requisite showing. However, to the extent the perceived need for filing under seal is based on boilerplate confidentiality language in the arbitration agreement,[1] that likely would not constitute a sufficiently compelling reason to keep the results of the arbitration confidential. In that event, the Court would expect the parties to agree that necessary pleadings could be filed notwithstanding the confidentiality agreement.

**SO ORDERED**, this the 7th day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch

---

[1] The Court is forced to infer the nature of the confidentiality agreement from the allegations of the parties as neither side has produced a copy of the relevant confidentiality provision.