# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SECURE HEALTH PLANS OF GEORGIA, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-417 (MTT) ) |
| DCA OF HAWKINSVILLE, LLC, f/k/a HAWKINSVILLE DIALYSIS CENTER, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on further consideration of the Defendant's Motion to Compel Arbitration, to Dismiss or, Alternatively to Stay (Doc. 5) (the "Motion"). For the following reasons, the Court dismisses this action without prejudice.

The facts are discussed in detail in an Order entered November 22, 2010. (Doc. 12). In that Order, the Court enjoined the arbitration of any claims that DCA had implicitly or explicitly asserted against Taylor because no agreement existed requiring DCA and Taylor to arbitrate their claims. The Court refused to enjoin the arbitration of claims asserted by DCA against Secure Health and which arose under the DCA/SH agreement. Further, the Court refused to enjoin the arbitration of any indemnification claim asserted by Secure Health against Taylor. The Court expressly did not enjoin the arbitration of any claims on the grounds of ERISA preemption.

The Parties have advised the Court that the arbitration has concluded. According to Taylor, the arbitrator awarded no damages to DCA on DCA's "main issue" against Secure Health. However, again according to Taylor, the arbitrator awarded $50,000 in "nominal" damages to DCA and against Secure Health. Apparently, Secure Health and Taylor did not arbitrate any claims between them, including any claim by Secure Health for indemnification.

Secure Health now contends that this matter can be dismissed. Taylor contends that the matter should not be dismissed because Taylor suspects that Secure Health will now contend, presumably pursuant to its indemnification agreement with Taylor, that Taylor must reimburse Secure Health for the $50,000 nominal damages award. In this event, according to Taylor, DCA will accomplish through the "back door" precisely what the Court enjoined, i.e., DCA will be able to satisfy its claims against Taylor.

The Court's injunction has accomplished its goal; the arbitrator did not decide any claims asserted by DCA against Taylor. If, in the future, Taylor believes that Secure Health is effectively attempting to violate the Court's injunction by seeking to enforce its claim for indemnification, then Taylor can file an appropriate action. However, the Court notes that Secure Health and Taylor have agreed to arbitrate such claims and the Court did not enjoin the arbitration of those claims. Also, as noted above, the Court did not rule that the arbitration of claims against Taylor were precluded by ERISA preemption. Rather, the Court simply ruled that Taylor and DCA had not agreed to arbitrate those claims.

Accordingly, this matter is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 6th of July, 2011.

            S/ Marc T. Treadwell
            MARC T. TREADWELL, JUDGE
            UNITED STATES DISTRICT COURT